1  John W. Shaw [State Bar No. 82802]
   Christopher M. McDonald [State Bar No. 198093]
2  SHAW, TERHAR & LaMONTAGNE LLP
   707 Wilshire Boulevard, Suite 3060
3  Los Angeles, California 90017
   Telephone:  (213) 614-0400
4  Facsimile:  (213) 629-4534

5  Attorneys for Defendant,
   HOMEDICS-U.S.A., INC.

6

7

8

9                   UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  USAA CASUALTY INSURANCE          )   CASE NO.  2:05CV01160-DFL-GGH
    COMPANY,                         )
13                                   )   Date of First Filing: April 28, 2005
                  Plaintiff,         )
14                                   )   **STIPULATION FOR PROTECTIVE**
    v.                               )   **ORDER; ORDER**
15                                   )
    HOMEDICS-U.S.A., INC.; DOES 1 to )
16  30, inclusive,                   )
                                     )
17               Defendant(s).       )
                                     )
18  _____ )

19

20         Defendant HOMEDICS-U.S.A., INC. has made application to this Court under

21  Rule 26(c) of the *Federal Rules of Civil Procedure* for the regulation and protection of

22  proprietary information disclosed by any party to this litigation in the process of

23  discovery in this case.  Based upon the stipulation of counsel, the Court rules as follows:

24         IT IS HEREBY ORDERED AS FOLLOWS:

25         1.     Prior to the production of any document (and the information contained

26  therein (including extracts, copies, notes, and summaries derived therefrom)) by any

27  party (hereinafter "THE PRODUCING PARTY") believing that the document contains

28  confidential information, THE PRODUCING PARTY may designate the document as

                                        1

1   "confidential" (hereinafter "CONFIDENTIAL DOCUMENTS").

2        2.    Production of CONFIDENTIAL DOCUMENTS shall be subject to the

3   following terms and conditions:

4              A.    All documents subject to the terms of this order shall be clearly

5                    marked by THE PRODUCING PARTY with a "confidential" stamp;

6              B.    Access to CONFIDENTIAL DOCUMENTS and to the information

7                    contained therein (including extracts, copies, notes, and summaries

8                    derived therefrom) shall be restricted to the following individuals:

9                    i)    The attorneys of record appearing in this case and personnel

10                         assisting those attorneys in their work in this case;

11                   ii)   Those agents of the party receiving the documents whose

12                         assistance is required in the preparation of this case for trial

13                         and who must have access to the materials to render assistance

14                         in that preparation;

15                   iii)  Experts or consultants retained in connection with the

16                         preparation or trial of this case;

17                   iv)   Such other persons as counsel for the party producing such

18                         documents may authorize in writing, or as ordered by the

19                         Court;

20                   v)    The Court and court personnel, including jurors and

21                         stenographic reporters engaged in such proceedings, as are

22                         necessarily incident to the preparation or trial of this case.

23             C.    The parties to whom such documents are made available will not

24                   disclose, directly or indirectly, the contents of the CONFIDENTIAL

25                   DOCUMENTS produced herein to anyone except those persons

26                   identified in paragraph B, immediately above;

27             D.    It shall be the duty of counsel receiving such CONFIDENTIAL

28                   DOCUMENTS prior to their disclosure to those permitted to receive

them under this order to instruct those persons as to the confidentiality of such documents and the terms of this order.  Before any such person shall receive any CONFIDENTIAL DOCUMENTS produced in this case, each such person shall agree in writing in a writing in the form attached hereto as Exhibit "A" (hereinafter "ACKNOWLEDGMENT") to be bound by each of the terms of this protective order;

E.   In order for the Court to be able to ensure compliance with this order by an *in camera* review of the chain of custody for copies of CONFIDENTIAL DOCUMENTS, if such *in camera* review is deemed necessary by one of the parties to this action, it shall be the duty of counsel receiving such CONFIDENTIAL DOCUMENTS to keep a log (hereinafter "CUSTODY LOG") reflecting for each such CONFIDENTIAL DOCUMENT what document was sent (recording by bate stamp numbers is sufficient), when such document was sent to any of those persons identified in paragraph 2B ii), iii), and iv), to whom such document was sent.

F.   All information contained in CONFIDENTIAL DOCUMENTS produced pursuant to this order shall be used only for the purposes of preparation and trial in this lawsuit and for no other purpose(s) whatsoever.

G.   When this case terminates for all parties,

i)   All CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY to any other party to this action, and all copies of such documents, will be destroyed except for one copy of such documents which will be maintained by counsel for the party that received such documents and will remain confidential;

ii)   Counsel for any party receiving CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY which it subsequently provided to any person identified in paragraph 2B, above, will use reasonable efforts to confirm that such CONFIDENTIAL DOCUMENTS are destroyed;

iii)  All abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by counsel for any party to the action will be destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential;

iv)   Counsel for any party receiving CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY which it subsequently provided to any person identified in paragraph 2B, above, will use reasonable efforts to confirm that all abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS are destroyed;

v)    Counsel who have received CONFIDENTIAL DOCUMENTS will provide a declaration, under penalty of perjury, reflecting the following:

a)    All originals and all copies of the CONFIDENTIAL DOCUMENTS in declarant's actual or constructive possession have been destroyed except for one copy of such documents which will be maintained by declarant for completion of declarant's file and will remain confidential;

b)    Declarant took reasonable steps to have all copies of

THE PRODUCING PARTY's CONFIDENTIAL DOCUMENTS that were sent to any person identified in paragraph 2B, above, destroyed and believes that all such documents have been destroyed;

      c)     All abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by counsel for any party to the action have been destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential;

      d)     Declarant took reasonable steps to have all abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by any person identified in paragraph 2B, above, forwarded to the party to the action by and through whom such individual was provided such documents and that all such documents have been destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential;

    3.    At the conclusion of this case, all CONFIDENTIAL DOCUMENTS entered into evidence by any party will be withdrawn from evidence by the party who entered such CONFIDENTIAL DOCUMENTS into evidence.

    4.    In the event that the questions asked at depositions require the disclosure of trade secrets and/or proprietary/confidential information and/or CONFIDENTIAL DOCUMENTS, those deposition transcripts shall be treated as CONFIDENTIAL

5

1   DOCUMENTS and subject to the same controls set forth in paragraphs 2(B)-(G).

2       5.      Each CONFIDENTIAL DOCUMENT or other evidence designated as

3   "confidential" that is filed or lodged with the Court will be filed or lodged with a motion

4   to seal (DFL), and only those people identified in paragraph 2B, above, shall have access

5   to those documents.  A document will not be sealed in its entirety if only a portion is

6   confidential.  (DFL)

7       6.      Any party desiring to challenge the designation of any documents as

8   "confidential" by another party pursuant to the terms of this order may do so by noticed

9   motion in a manner that will preserve the confidentiality of the documents until the

10  motion is heard and determined; until such a motion is decided, however, all parties are

11  obligated to adhere to the terms of this order.

12

13  Dated: 7/25/2005                    /s/ David F. Levi
                                        THE HONORABLE DAVID F. LEVI
14

15  (Note: Paragraph 5 above has been amended by the court to conform to caselaw requiring
    public access to court files except upon specific findings by the court.)
16
    **IT IS SO STIPULATED:**
17

18

19  DATED: July 21 , 2005               SHAW, TERHAR & LaMONTAGNE LLP

20

21                                      By: s/Christopher M. McDonald
                                        JOHN W. SHAW
22                                      CHRISTOPHER M. MCDONALD
                                        Attorneys for Defendant,
23                                      HOMEDICS-U.S.A., INC.

24

25

26

27

28

                                        6

1

DATED: July 21 , 2005                    LAW OFFICES OF JEFFREY E. KARPEL

2

3                                         By: s/Jeffrey E. Karpel
                                          JEFFREY E. KARPEL
4                                         Attorneys for Plaintiff,
                                          USAA CASUALTY INSURANCE
5                                         COMPANY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv1160.o.wpd                    STIPULATION FOR PROTECTIVE ORDER; ORDER

**PROOF OF SERVICE**
**USAA Casualty Insurance Company v. HoMedics-U.S.A., Inc., et al.**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California.   I am over the age of 18 years and am not a party to the within action.  My business address is **Shaw, Terhar & LaMontagne LLP, 707 Wilshire Boulevard, Suite 3060, Los Angeles, California 90017.**   On July 22, 2005, I caused the foregoing document(s) described as **STIPULATION FOR PROTECTIVE ORDER; ORDER** to be served on the interested parties in this action as follows:

☒        by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Jeffrey E. Karpel, Esq.
LAW OFFICES OF JEFFREY E. KARPEL
4515 Sherman Oaks Avenue
Sherman Oaks, CA 91403

☒        **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐        **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and delivery on this date in accordance with standard _____ delivery procedures.

☐        **BY FAX:** In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐        **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees.

☐        [State]        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒        [Federal]        I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2005, at Los Angeles, California.

s/Nicki Lombardo
_____
Nicki Lombardo

05cv1160.o.wpd          STIPULATION FOR PROTECTIVE ORDER; ORDER