John W. Shaw [State Bar No. 82802]
jshaw@stl-lawoffices.com
Christopher M. McDonald [State Bar No. 198093]
cmcdonald@stl-lawoffices.com
SHAW, TERHAR & LaMONTAGNE, LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, California 90017
Telephone:  (213) 614-0400
Facsimile:  (213) 629-4534

Attorneys for Defendant
HOMEDICS-U.S.A., INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, | Case No. 2:05CV01160-DFL-GGH |
| Plaintiff, | **STIPULATED JUDGMENT** |
| vs. | **ORDER** |
| HOMEDICS-U.S.A., INC.; and DOES 1 to 30, inclusive, | Complaint Filed: April 28, 2005 |
| Defendants. | |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

Plaintiff USAA Casualty Insurance Company ("USAA") and defendant

HoMedics-U.S.A., Inc. ("HoMedics"), by and through their respective counsel of

record, hereby stipulate to the following facts, law and discussion of law, application

of law and entry of judgment in favor of HoMedics.

This court is authorized and has the discretion to enter this Stipulated

Judgment. *Citizens for a Better Environment v. Gorsuch* (DC Cir. 1983) 718 F.2d

1117, 1125.

1    This Stipulated Judgment may be executed and submitted to the court in

2 counterparts and a faxed copy of any and all necessary signature pages to this

3 Stipulated Judgment may be submitted to the court in lieu of the originals.

4

5                                          **I.**

6                              <u>**INTRODUCTION**</u>

7

8    James Sedlar ("Mr. Sedlar") purchased from USAA a policy of insurance,

9 number 0080AFIR0002, which provided certain fire insurance coverage at all times

10 relevant hereto for a two-story residential structure that he owned located at 2716 "S"

11 Street, Sacramento, California 95816-7347 ("Structure").  The Structure consisted of

12 one residential unit on the first floor ("Apartment") and three residential units on the

13 second floor.  Mr. Sedlar and his fiance, Susan Halsted ("Ms. Halsted"), resided in

14 the Apartment.

15    On Saturday, November 6, 2004, Mr. Sedlar purchased a HoMedics Shiatsu

16 Massaging Cushion, Model Number SBM200 ("Massager"), at a Costco Warehouse,

17 located in Sacramento, California.

18    On Monday, November 8, 2004, Mr. Sedar used the Massager in the living

19 room of his Apartment, turned it off after using it at approximately 4:40 p.m., and

20 left his Apartment.  Approximately forty (40) minutes later, a fire was discovered at

21 the Structure ("Fire").

22    On Wednesday, November 10, 2004, USAA retained John D. Ford, C.F.E.I.

23 ("Mr. Ford") of Cause & Origin Fire Investigations, located at P.O. Box 919,

24 Kenwood, California 95452.  USAA tasked Mr. Ford with identifying the cause of

25 the Fire.  On Wednesday, November 10, 2004, at approximately 1:00 p.m., Mr. Ford

26 met with Mr. Sedlar and conducted an examination of the Structure.  On Tuesday,

27 November 16, 2004, Mr. Ford took into evidence from Mr. Sedlar two boxes of

28 material from the Structure ("Two Boxes") which included the remains of the

1  Massager, electric cords, an electrical outlet and a light fixture (collectively,
2  "Evidence").

3          On May 17, 2005, counsel for USAA filed the present action, *USAA Casualty*
4  *Insurance Company v. HoMedics-U.S.A., Inc., et al.*, in the Sacramento County
5  Superior Court, Case Number 05AS02060 ("Lawsuit").   In the Lawsuit, USAA
6  claims that the Fire was caused by the Massager.   On June 10, 2005, counsel for
7  HoMedics removed the Lawsuit to the United States District Court - Eastern District
8  of California.

9          On July 26, 2005, counsel for HoMedics served on counsel for USAA
10  HoMedics' Request for Production, Set One ("RFP, Set One") wherein HoMedics
11  requested the production of the Massager and the other Evidence.   Counsel for
12  USAA acknowledged that Mr. Ford, an expert witness retained by USAA, could not
13  locate either the Massager or the other Evidence and therefore USAA could not
14  produce either the Massager or the other Evidence in response to HoMedics' RFP,
15  Set One.

16          Counsel for USAA has acknowledged that, without the Massager, USAA
17  cannot prove that HoMedics is liable for its damages.   **Counsel for USAA also**
18  **acknowledged that USAA cannot pursue Mr. Ford for failing to preserve the**
19  **Massager and the other Evidence without a judgment adverse to USAA in the**
20  **Lawsuit.**

21          Counsel for HoMedics met and conferred with counsel for USAA about the
22  filing of a Joint Stipulation Seeking an Order Compelling Plaintiff Respond to
23  Request for Production or, in the Alternative, an Order Excluding All Evidence of
24  USAA With Regard to Either Any Defect in the Massager or Any Negligence by
25  HoMedics.   Counsel for HoMedics also met and conferred with counsel for USAA
26  about the filing of a Motion for Summary Judgment based on the failure of Mr. Ford,
27  an expert witness retained by USAA, to preserve the Massager and the other
28  Evidence or, in the alternative, USAA's inability to prove causation.

1   In light of Mr. Ford's failure to preserve the Massager and the other Evidence,
2   counsel for HoMedics and counsel for USAA have agreed to enter into this
3   Stipulated Judgment to avoid incurring the additional expense associated with
4   conducting additional formal discovery and preparing and appearing on both a
5   Motion to Compel and a Motion for Summary Judgment.

6   Counsel for USAA and counsel for HoMedics are not colluding in this matter,
7   are not committing any fraud in this matter and are not attempting to deceive the
8   Court in this matter.

9

10                                          **II.**
11                              **STIPULATED FACTS**

12

13   USAA and HoMedics, by and through their respective counsel of record,
14   hereby stipulate to the following facts upon which judgment is to be entered:

15   1.   USAA is a plaintiff in the Lawsuit.

16   2.   HoMedics is a defendant in the Lawsuit.

17   3.   Mr. Sedlar purchased from USAA a policy of insurance, number
18   0080AFIR0002 ("Insurance Policy"), which provided certain fire insurance coverage
19   for a two-story residential structure that he owned, located at 2716 "S" Street,
20   Sacramento, California 95816-7347 ("Structure").   The Insurance Policy was in
21   effect on Monday, November 8, 2004.

22   4.   At all times relevant hereto, the Structure consisted of one residential
23   unit on the first floor ("Apartment") and three residential units on the second floor.

24   5.   At all time relevant hereto, Mr. Sedlar and his fiance, Susan Halsted
25   ("Ms. Halsted"), resided in the residential unit on the first floor .

26   6.   On Saturday, November 6, 2004, Mr. Sedlar purchased a HoMedics
27   Shiatsu Massaging Cushion, Model Number SBM200 ("Massager") at a Costco
28   Warehouse, located in Sacramento, California.

7. On Monday, November 8, 2004, Mr. Sedlar used the Massager in the living room of his Apartment, turned it off after using it at approximately 4:40 p.m., and left his Apartment.

8. On Monday, November 8, 2004, at approximately 5:20 p.m., a fire was discovered at the Structure ("Fire").

9. On Wednesday, November 10, 2004, USAA retained John D. Ford, C.F.E.I. ("Mr. Ford") of Cause & Origin Fire Investigations, located at P.O. Box 919, Kenwood, California 95452, to investigate the cause of the Fire.

10. USAA tasked Mr. Ford with identifying the cause of the Fire.

11. On Wednesday, November 10, 2004, at approximately 1:00 p.m., Mr. Ford met with Mr. Sedlar and conducted an examination of the Structure.

12. On Tuesday, November 16, 2004, Mr. Ford took into evidence from Mr. Sedlar two boxes ("Two Boxes") of material from the Structure which included the remains of the Massager, electric cords, an electrical outlet and a light fixture (collectively, "Evidence").

13. On May 17, 2005, USAA filed the present action, *USAA Casualty Insurance Company v. HoMedics-U.S.A., Inc., et al.*, in the Sacramento County Superior Court, Case Number 05AS02060 ("Lawsuit"). In the Lawsuit, USAA claims that the Fire was caused by the Massager.

14. On May 17, 2005, counsel for USAA served a copy of the Summons and Complaint in the Lawsuit on HoMedics.

15. On June 10, 2005, counsel for HoMedics removed the Lawsuit to the United States District Court - Eastern District of California.

16. On July 26, 2005, counsel for HoMedics served on counsel for USAA HoMedics' Request for Production, Set One ("RFP, Set One")

17. In RFP, Set One, counsel for HoMedics asked USAA to produce the Massager and the other Evidence.

18. On September 27, 2005, counsel for USAA served on counsel for

1 HoMedics USAA's Responses to Request for Production, Set One.

2      19.    On October 17, 2005 and multiple dates thereafter, counsel for
3 HoMedics met and conferred with counsel for USAA regarding the adequacy of
4 USAA's verified Responses to Request for Production, Set One.

5      20.    On October 17, 2005 and multiple dates thereafter, counsel for USAA
6 confirmed with counsel for HoMedics that Mr. Ford, an expert witness retained by
7 USAA, took possession, custody and control of the Massager and the other Evidence.

8      21.    On March 7, 2006, counsel for USAA confirmed: (1) Mr. Ford had
9 searched for but could not locate either the Massager or the other Evidence; and (2)
10 USAA could not produce either the Massager or the other Evidence because Mr.
11 Ford could not locate it.

12

13                               **III.**

14            **STIPULATED LAW AND DISCUSSION OF LAW**

15

16      USAA and HoMedics, by and through their respective counsel of record,
17 hereby stipulate that the following law and discussion of law are applicable in this
18 action:

19 **A.     ELEMENTS PLAINTIFF MUST PROVE IN ITS CAUSES OF ACTION**

20      **1.     Strict Products Liability - Manufacturing Defect**

21      Instruction No. 9.00.3 of the Book of Approved Jury Instructions ("BAJI")
22 defines the requirements for a cause of action for a manufacturing defect as follows:

23         "The essential elements of a claim based upon an alleged
24         manufacturing defect are:

25         1.    The defendant was the [manufacturer/supplier/etc.]
26               of a product;

27         2.    The product possessed a defect in its manufacture;

28

3.      The defect in manufacture existed when the product left the defendant's possession;

4.      The defect in manufacture was a cause of injury to the plaintiff; and

5.      Plaintiff's injury resulted from a use of the product that was reasonably foreseeable to the defendant[s]."

## 2.      **Negligence**

Instruction No. 3.00 of BAJI defines the requirements for a cause of action for negligence under California law as follows:

"The essential elements of . . . a claim [for negligence] are:

1.      The defendant was negligent;

2.      Defendant's negligence was a cause of injury, damage, loss or harm to plaintiff."

## B.      PLAINTIFF MUST SHOW THAT THERE WAS A DEFECT IN THE PRODUCT

In order for plaintiff to prevail on its claim of product defect, plaintiff has the affirmative burden of identifying what aspect of the product is defective. *Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 64. The plaintiff has the burden of showing that an accident was due to a defect in the product rather than to some other cause. *McCurter v. Norton Co.* (1968) 263 Cal.App.2d 402, 407.

## C.      PLAINTIFF MUST PROVE CAUSATION

The necessary causal connection between the tortious conduct and the injury must be shown. 6 Witkin, Summary of California Law, Torts, §1323, p. 780.

Plaintiff may not rely on the doctrine of *res ipsa loquitor* in a products liability cause of action. *McCurter v. Norton Company* (1968) 263 Cal.App.2d 402.

Not only must plaintiff show that the product was defective, but also that the defect was a proximate cause of the alleged injury. *Erickson v. Sears, Roebuck &*

1  *Co.* (1966) 240 Cal.App.2d 793, 798.

2       Plaintiff has the burden of introducing either some direct evidence of the

3  defective nature of the product or some circumstantial evidence from which the jury

4  may reasonably infer the existence of the defect; plaintiff does not make a prima

5  facie case by simply showing that she was injured and that the product manufactured

6  or sold by the defendant was involved in the injury; were this the case, the liability

7  would be absolute; it is a relatively rare injury where some sort of chattel is not

8  involved in some way; therefore, the plaintiff must not only introduce evidence as to

9  the defect but also evidence that such defect proximately caused the injury.

10  *Culpepper v. Volkswagen of America* (1973) 33 Cal.App.3d 510, 519.

11  **E.    PLAINTIFF MUST PRESENT SOME EVIDENCE TO SUPPORT ITS**

12  **CLAIM**

13       If a defendant moves for summary judgment against a plaintiff, the defendant

14  may simply point out -- he is not required to present evidence -- that the plaintiff

15  does not possess, and cannot reasonably obtain, evidence that would allow the trier

16  of fact to find any underlying material fact more likely than not. *Aguilar v. Atlantic*

17  *Richfield Co.*, (2001) 25 Cal. 4th 826, 858-859.

18       A plaintiff cannot rely merely upon the allegations in the Complaint to oppose

19  a motion for summary adjudication.  Rather, the plaintiff must set forth admissible

20  evidence if he is to establish a triable issue of fact.  *Union Bank v. Superior Court*

21  (1995), 31 Cal. App. 4th 573, 587.

22  **F.    EXPERT TESTIMONY IS REQUIRED**

23       Where the matter is beyond common lay knowledge, the trier of fact can

24  neither dispense with nor ignore expert testimony and simply infer causation from

25  the totality of the circumstances.  A plaintiff who fails to present competent expert

26  testimony on such an issue fails to establish a prima facie case and a judgment of

27  nonsuit is proper.  *Cottle v. Superior Court (Oxnard Shores Co.)* (1992) 3

28  Cal.App.4th 1367.

LAW OFFICES
SHAW, TERHAR &
LAMONTAGNE, LLP

1 **G.     THE PARTIES ARE ENTITLED TO CONDUCT DISCOVERY**

2        The parties are entitled to conduct discovery into any matter, not privileged,

3 that is relevant to the claim or defense of any party, including the existence,

4 description, nature, custody, condition and location of any books, documents, or

5 other tangible things.  *Federal Rule of Civil Procedure* 26(b)(1).

6        The keynote of the federal discovery rules is the open disclosure of all

7 potentially relevant information.  *Burns v. Thiokol Chemical Corp.* (1973) 483 F.2d

8 300.

9        When the answer to any discovery request can conceivably lead to discovery

10 of relevant information, it is deemed proper.  *Stanzler v. Loew's Theatre & Realty*

11 *Corp.* (1995) 19 FRD 286.

12 **H.     A LITIGANT HAS A DUTY TO PRESERVE RELEVANT EVIDENCE**

13        A litigant may be obligated to preserve what it knows or reasonably should

14 know will be relevant evidence in a pending action, or one in the offing, even though

15 no discovery request or order to preserve the evidence has yet been made.  *Kronisch*

16 *v. United States* (2nd Cir. 1998) 150 F.3d 112, 130.

17        The duty to preserve evidence arises when: (1) Litigation involving a party is

18 pending or probable; (2) The party knows of the existence or likelihood of such

19 litigation; (3) The party knows of the evidence's relevance to such litigation; and (4)

20 Prejudice to the other party is foreseeable if the evidence were to be discarded.

21 *Winters v. Textron, Inc.* (MD PA 1999) 187 FRD 518, 520.

22        It makes no difference that the items were destroyed before suit was filed.  It is

23 enough that a party "is on notice that documents and information in its possession are

24 relevant to litigation, or potential litigation, or are reasonably calculated to lead to the

25 discovery of admissible evidence."  *Bayoil, S.A. v. Polembros Shipping Ltd.* (SD TX

26 2000) 196 FRD 479, 482.

27 / / /

28 / / /

1  **I.      A COURT CAN IMPOSE SANCTIONS AGAINST A PARTY FOR ITS**
2  **         FAILURE TO PRESERVE RELEVANT EVIDENCE**

3          Courts determine the proper sanction for destruction or suppression of relevant
4  evidence on a case-by-case basis.  *Unigard Security Ins. Co. v. Lakewood Eng. &*
5  *Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

6          In diversity cases, state law determines a party's duty to preserve evidence; but
7  federal rules govern sanctions for breach of that duty.  *Allstate Ins. Co. v. Sunbeam*
8  *Corp.* (7th Cir. 1995) 53 F.3d 804, 806.

9          The appropriate sanction for destruction of relevant evidence should be
10 designed to: (1) Deter parties from engaging in spoliation; (2) Place the risk of
11 erroneous judgment on the party who wrongfully created that risk; and (3) Restore
12 the prejudiced party to the same position it would have been in absent the wrongful
13 destruction of evidence by the opposing party.  *West v. Goodyear Tire & Rubber Co.*
14 (2nd Cir. 1999) 1267 F.3d 776, 779.

15         A federal trial court has the inherent discretionary power to make appropriate
16 evidentiary rulings in response to the destruction or spoliation of relevant evidence.
17 Such power includes the power where appropriate to order the exclusion of certain
18 evidence.  *Glover v. BIC Corp.* (9th Cir. 1993) 6 F.3d 1318, 1329.

19         This court has the discretion to conduct a fair and orderly trial.  Within this
20 discretion lies the power to exclude the testimony of witnesses whose use at trial
21 would unfairly prejudice an opposing party.  *Unigard Security Ins. Co. v. Lakewood*
22 *Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

23 **J.      APPLICATION OF THE AFOREMENTIONED LAW TO VARIOUS**
24 **         FACT PATTERNS SIMILAR TO THE PRESENT ACTION**

25         **1.      *Silvestri v. General Motors Corp.***

26         While driving a borrowed car, plaintiff motorist struck a power pole.  He
27 claimed injury resulting from failure of the airbag to deploy.  The car was repaired
28 before defendant auto manufacturer was notified of the motorist's claim.  The

1   motorist's failure to give the auto manufacturer an opportunity to inspect the vehicle

2   before it was repaired constituted spoliation of evidence, even though he was not the

3   vehicle's owner and not responsible for its repair.  *Silvestri v. General Motors Corp.*

4   (4th Cir. 2001) 271 F.3d 583, 591.

5          **2.**   ***Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.***

6          The insurer in a subrogation action disposed of a heater that allegedly had

7   caused the destruction of a boat through fire.  The insurer's claims adjuster believed

8   that the insurer had no valid claim against the heater manufacturer and, based on that

9   belief, the insurer disposed of the heater.  Eventually, an attorney convinced the

10  insurer to bring a subrogation action against the heater manufacturer.  The District

11  Court excluded the insurer's experts under Rule 37 of the Federal Rules of Civil

12  Procedure as a discovery sanction and then rendered summary judgment for the

13  heater manufacturer because the heater manufacturer was not able to inspect the

14  heater.  In affirming the District Court's decision, the Ninth Circuit found that the

15  District Court had the inherent power to bar plaintiff's experts from testifying that

16  the heater manufacturer had improperly placed a warning label on the underside of

17  the heater.  *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir.

18  1992) 982 F.2d 363.

19         The District Court found that the case was one in which "plaintiff's destruction

20  of key evidence render[ed] a full defense impossible."  Based on this finding, the

21  District Court had ample support for its discretionary conclusion that allowing

22  plaintiff to introduce the testimony of its experts would unfairly prejudice the heater

23  manufacturer and thus preclude the court's ability to conduct a fair trial.  *Unigard*

24  *Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

25         The insurer's destruction of evidence was not in dispute as it precluded the

26  heater manufacturer from any opportunity to inspect the evidence and it rendered

27  unreliable virtually all of the evidence that a finder of fact could potentially consider.

28  Given these factors, it was within the district court's discretion to determine that a

1    rebuttable presumption against Unigard would have been insufficient to cure the
2    prejudice arising in the context of this case.  See also *Fire Ins. Exch. v. Zenith Radio*
3    *Corp.*, 103 Nev. 648, 747 P.2d 911, 914 (Nev. 1987) (exclusion of expert testimony
4    for plaintiff's destruction of evidence, rather than imposition of a rebuttable
5    presumption, was not an abuse of discretion because "any adverse presumption
6    which the court might have ordered as a sanction for the spoliation of evidence
7    would have paled next to the testimony of the expert witness").  *Unigard Security*
8    *Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 369.

9         The Ninth Circuit found that plaintiff's evidence was properly excluded as an
10   exercise of the District Court's inherent powers, which are "governed not by rule or
11   statute but by the control necessarily vested in courts to manage their own affairs so
12   as to achieve the orderly and expeditious disposition of cases."   These powers
13   include the "broad discretion to make discovery and evidentiary rulings conducive to
14   the conduct of a fair and orderly trial.  Within this discretion lies the power . . . to
15   exclude testimony of witnesses whose use at trial . . . would unfairly prejudice an
16   opposing party."  *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir.
17   1992) 982 F.2d 363, 368.

18        The Ninth Circuit upheld the resulting summary judgment, explaining that
19   "[o]nce the District Court excluded 'the [expert testimony] and evidence from the
20   unavailable heater and vessel,' [the insurer] lacked the ability to put forward a prima
21   facie case or to offer any admissible evidence creating a disputed material fact.
22   Summary judgment was entirely appropriate as a matter of law."  *Unigard Security*
23   *Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 369.

24

25                                        **IV.**

26                      **STIPULATED APPLICATION OF LAW**

27

28        USAA and HoMedics, by and through their respective counsel of record,

1   hereby stipulate that the aforementioned law is applicable to the Lawsuit as follows:

2       1.    The Lawsuit contains a cause of action for strict products liability -
3   manufacturing defect and a cause of action for negligence.

4       2.    An element of each of these causes of action is causation. *Book of*
5   *Approved Jury Instructions* ("*BAJI*"), Instruction Nos. 3.00 and 9.00.3.

6       3.    USAA has the burden of showing that the Fire was due to a defect in the
7   Massager rather than to some other cause. *McCurter v. Norton Co.* (1968) 263
8   Cal.App.2d 402, 407.  6 Witkin, *Summary of California Law, Torts*, §1323, p. 780.
9   *BAJI*, Instruction Nos. 3.00 and 9.00.3.

10      4.    Because of the nature of the Fire, the Lawsuit contains issues that are
11  beyond common lay knowledge.  As a result, the trier of fact can neither dispense
12  with nor ignore expert testimony and simply infer causation from the totality of the
13  circumstances. *Cottle v. Superior Court (Oxnard Shores Co.)* (1992) 3 Cal.App.4th
14  1367.

15      5.    USAA had a duty to preserve the Massager and the other Evidence
16  because USAA knew that: (1) Litigation was probable; (2) USAA knew of the
17  likelihood of such litigation; (3) USAA knew the relevance of the Massager and the
18  other Evidence to such litigation; and (4) Prejudice to HoMedics was foreseeable if
19  either the Massager and/or the other Evidence were to be discarded. *Winters v.*
20  *Textron, Inc.* (MD PA 1999) 187 FRD 518, 520.

21      6.    Whether the Massager and the other Evidence was spoilated prior to the
22  filing of the present action is irrelevant.  It is enough that USAA was on notice that
23  the Massager and the other Evidence, which was in the possession of Mr. Ford, an
24  expert witness retained by USAA, was relevant to potential litigation or was
25  reasonably calculated to lead to the discovery of admissible evidence. *Bayoil, S.A. v.*
26  *Polembros Shipping Ltd.* (SD TX 2000) 196 FRD 479, 482.

27      7.    The appropriate sanction for failing to preserve (spoilate) relevant
28  evidence should: (1) Deter parties from engaging in spoliation; (2) Place the risk of

1 erroneous judgment on the party who wrongfully created that risk; and (3) Restore

2 the prejudiced party to the same position it would have been in absent the wrongful

3 destruction of evidence by the opposing party. *West v. Goodyear Tire & Rubber Co.*

4 (2nd Cir. 1999) 1267 F.3d 776, 779.

5        8.      The failure of Mr. Ford to preserve the Massager and the other Evidence

6 for inspection by HoMedics after taking possession of the Massager and the other

7 Evidence from Mr. Sedlar constituted spoliation of evidence. *Silvestri v. General*

8 *Motors Corp.* (4th Cir. 2001) 271 F.3d 583, 591.

9        9.      The failure of Mr. Ford to preserve the Massager and the other Evidence

10 renders a full defense impossible by HoMedics. *Unigard Security Ins. Co. v.*

11 *Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

12        10.     A discovery sanction to exclude Mr. Ford and any other expert retained

13 by USAA to discuss liability under Federal Rule of Civil Procedure 37 is appropriate

14 for the failure of Mr. Ford to preserve the Massager and the other Evidence. *Unigard*

15 *Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363.

16        11.     This court has the discretion to conduct a fair and orderly trial. Within

17 this discretion lies the power to exclude the testimony of witnesses whose use at trial

18 would unfairly prejudice an opposing party. *Unigard Security Ins. Co. v. Lakewood*

19 *Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

20        12.     This court has the inherent power to bar Mr. Ford and any other expert

21 retained by USAA to discuss liability from testifying that the Fire was caused by the

22 Massager. *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992)

23 982 F.2d 363.

24        13.     This court can properly exclude such evidence as an exercise of its

25 inherent powers which are governed not by rule or statute but by the control

26 necessarily vested in courts to manage their own affairs so as to achieve the orderly

27 and expeditious disposition of cases. *Unigard Security Ins. Co. v. Lakewood Eng. &*

28 *Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 368.

14.     Exclusion of expert testimony for the failure of Mr. Ford to preserve the Massager and the other Evidence, along with any other expert retained by USAA to discuss liability, rather than imposition of a rebuttable presumption, would be within the court's discretion because any adverse presumption which the court might have ordered as a sanction for the spoliation of evidence would have paled next to the testimony of Mr. Ford and/or any other expert retained by USAA to discuss liability. *Fire Ins. Exch. v. Zenith Radio Corp.*, 103 Nev. 648, 747 P.2d 911, 914 (Nev. 1987).

15.     If the District Court excludes the expert testimony of Mr. Ford and any other expert retained by USAA to discuss liability, USAA will be unable to either put forward a prima facie case or to offer any admissible evidence creating a disputed material fact.  Entry of judgment in favor of HoMedics and against USAA would be entirely appropriate as a matter of law.  *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 F.2d 363, 369.

# V.

## STIPULATED JUDGMENT

USAA and HoMedics, by and through their counsel of record, hereby stipulate that judgment be entered in the captioned matter pursuant to the following terms:

1.     Judgment is entered in the captioned matter against USAA and in favor of HoMedics;

2.     USAA is to take nothing from HoMedics;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3.      HoMedics is to take nothing from USAA;

4.      USAA is to bear its own costs as they relate to this litigation; and

5.      HoMedics is to bear its own costs as they relate to this litigation.

DATE: April _24_, 2006                    SHAW, TERHAR & LaMONTAGNE LLP


                                          By:    _/s/ Christopher M. McDonald
                                                 JOHN W. SHAW
                                                 CHRISTOPHER M. McDONALD
                                                 Attorneys for Defendant,
                                                 HOMEDICS-U.S.A., INC.


DATE: April _20,_ 2006                    LAW OFFICES OF JEFFREY E. KARPEL


                                          By:    _/s/Jeffrey E. Karpel_____
                                                 JEFFREY E. KARPEL
                                                 Attorneys for Plaintiff,
                                                 USAA CASUALTY INSURANCE
                                                 COMPANY


        Good cause having been shown, this Honorable Court grants and hereby enters the aforementioned Stipulated Judgment.


DATE: May 3, 2006

                                          /s/ David F. Levi_____

                                          THE HONORABLE DAVID F. LEVI
                                          United States District Court
                                          Eastern District of California